IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
APR 1 2 2000
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

TOM KARP, et al.   )
    )
  *Plaintiffs*,  )
    )    CIVIL ACTION NUMBER
v.   )    CV-98-C-0415-S   ENTERED
    )
UNIVERSITY OF ALABAMA AT  )    APR 1 2 2000
BIRMINGHAM (UAB); DR. JADE  )
CARTER; KEITH ELDER;  )
    )
  *Defendants*.  )
    )

## MEMORANDUM OPINION REINSTATING THE UNIVERSITY OF ALABAMA IN BIRMINGHAM AS A DEFENDANT AND COMPELLING DISCOVERY

The Court has previously granted Defendant University of Alabama in Birmingham (UAB)'s Motion to Dismiss, *inter alia*, on the doctrine of sovereign immunity. With the exception of one claim, that decision stands. However, based on the status conference of January 16, 2000, the Court finds and concludes that it erroneously dismissed Plaintiff's due process claim under 42 U.S.C. § 1983. On *sua sponte* reconsideration, that claim will be reinstated.

I

The UAB Horizons Program is designed to assist learning disabled persons between the ages of nineteen and twenty-seven to develop independent living skills. For the first two of the three-year residential program, classes in various living skills are taught on a third to fourth grade level. A hefty tuition of sixteen thousand dollars (including a non-refundable deposit of twenty-five

43

hundred dollars) is charged to each student. The tuition is payable to "UAB Horizons Program." Classes are taught in the regular UAB classrooms by UAB faculty and staff. The Horizons students are housed in UAB dormitories.

For purposes of UAB's summary judgment/motion to dismiss, the Court infers that Horizons students are UAB students, fully entitled to due process rights under the Fourteenth Amendment and under UAB's Student Disciplinary Policies and Procedures.

In September 1996, Plaintiffs Michael and David Karp, twin sons of Plaintiffs Tom and Arlene Karp, were accepted by and enrolled in the Horizons Program. Plaintiffs are domiciled in Coral Gables, Florida. Michael and David Karp completed the fall term and the winter term. On the last day of the winter term, March 14, their parents came to Birmingham for "Parents' Weekend."

During Parents' Weekend, Tom and Arlene Karp were told, for the first time, that Michael Carp might be suspended or expelled from the Horizons Program because of allegations of wrongdoing. UAB officials said that they would make a decision during spring break. Two weeks later, Plaintiffs were informed by letter that Michael was permanently expelled from the Horizons Program.

Neither Michael nor David Karp has attended the Horizons Program since that time.

UAB asserts that Michael Karp is not entitled to any hearing and/or appeal of his permanent expulsion.

II

UAB takes the position that as an entity, it is immune from a section 1983 claim. It further asserts that its Horizons Program does not have the status or capacity to be sued as a defendant. It is correct in the latter position; but wrong on the former.

The Court concludes that Michael Karp has stated a valid cause of action under the due process clause of the Fourteenth Amendment, as embodied in section 1983.[1] He had a property interest in attending UAB. *See Board of Regents v. Roth*, 408 U.S. 564, 577-78 (1972); *Helton v. Hawkins*, 12 F.Supp.2d 1276, 1282 (M.D.Ala. 1998). He was therefore entitled to notice and an opportunity to be heard prior to his permanent expulsion. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *Harden v. Adams*, 760 F.2d 1158, 1167 (11th Cir. 1985)

As an instrumentality of the State of Alabama, UAB is immune from money damages in this action. *See Ross v. State of Alabama*, 893 F.Supp. 1545, 1555 (M.D. Ala. 1995); *Beasley v. Alabama State University*, 3 F.Supp.2d 1304, 1307 (M.D. Ala. 1998). It is, however, subject to injunctive relief and attorney's fees. *See Lassiter v. Alabama Agricultural and Mechanical University*, 3 F.3d 1482, 1485 (11th Cir. 1993); *Toney v. State of Alabama*, 784 F.Supp. 1542, 1545 (M.D. Ala. 1992)

Conclusion

UAB's motion for dismissal/summary judgement on the due process claim is hereby **DENIED**. On all other claims, and as to Plainitff David Karp and Tom and Arlene Karp in their individual capacities, the Motion is **GRANTED**.

Plaintiff's Motion to Compel is **GRANTED**. UAB shall fully respond to Plaintiff's outstanding discovery requests by April 24, 2000.

---

[1] Plaintiff David Karp has not stated a valid cause of action. Neither have Tom and Arlene Karp stated a valid cause of action in their individual capacities. The Court will permit the parents to remain in the case only as capacities as parents and next friends of Michael Karp.

DONE, this 10th day of April, 2000.

UNITED STATES DISTRICT JUDGE
U.W. CLEMON

SCANNED